# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1930 | **DATE** | 6/24/2003 |
| **CASE TITLE** | Meridian Rail Products Corp., et al. v. Ronsco, Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Ronsco Inc.'s Motion to Dismiss or, in the Alternative, to Stay

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, defendant Ronsco Inc's motion to dismiss or, in the alternative, to stay is GRANTED. This action is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 2 5 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 18 |
| | Copy to judge/magistrate judge. | | | |
| | klb (lc) courtroom deputy's initials | 03 JUN 24 PM 4:11 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MERIDIAN RAIL PRODUCTS CORP., MERIDIAN RAIL TRACK PRODUCTS CORP., AND MERIDIAN RAIL SERVICES CORP., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 03 C 1930 |
| v. | ) ) | HONORABLE DAVID H. COAR |
| RONSCO INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On January 28, 2003, Ronsco Inc. ("Ronsco") filed suit before the Superior Court, judicial district of Montreal, Quebec (the "Quebec Action") alleging that Meridian Rail Products Corp., Meridian Rail Track Products Corp., and Meridian Rail Services Corp. (collectively, "Meridian") breached various provisions of the Distribution Agreement entered into between Ronsco and Meridian. On March 17, 2003, Meridian filed this action (the "Illinois Action") seeking payment from Ronsco on all outstanding accounts. Before this Court is Ronsco's Motion to Dismiss the Illinois Action because the forum selection clause in the Distribution Agreement requires Meridian to file its claims in Quebec. In the alternative, Ronsco argues that this Court should abstain from hearing the Illinois Action under the Colorado River Doctrine because the Quebec Action will adequately dispose of all of the issues in the Illinois Action. For the reasons set forth below, Ronsco's motion to dismiss is granted.



I.  Factual Background

Ronsco is one of the largest railway parts distributors in Canada with places of business in four major Canadian cities. Ronsco and Meridian entered into a Distribution Agreement. The Distribution Agreement defined, inter alia, the dealer's exclusive territory in Canada and for three U.S. customers and the responsibilities of promotion, assignment, trademark use, information sharing and product training. The Distribution Agreement contains a forum selection clause which designates Quebec, Canada as the exclusive jurisdiction for suits arising between the parties. Ronsco brought an action against Meridian in Quebec for alleged breach of the Distribution Agreement.

Meridian sent invoices to Ronsco with each shipment of the car products that Ronsco ordered. Meridian sent Ronsco hundreds of these invoices. Each of the invoices contained a forum selection clause which vests any state or federal court in Cook County Illinois with exclusive jurisdiction. Meridian brought suit in this Court for Ronsco's failure to make payments for products after January 30, 2003.

II.  Discussion

Forum selection clauses in commercial contracts between sophisticated businesses are ordinarily honored in accordance with their terms. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972). "When a case is in federal court on the basis of diversity jurisdiction, federal law governs whether to give effect to a forum-selection clause." Deans v. Tutor Time Child Care Systems, Inc., 982 F.Supp. 1330, 1331 (S.D.Ind.1997), citing Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 28 (1988). A forum-selection clause "should control unless there is a 'strong showing that it should be set aside.' " Heller Financial Co., Inc. v. Midwhey Powder Co., Inc.,

883 F.2d 1286, 1290-91 (7th Cir.1989), quoting M/S Bremen, 407 U.S. 1; see also Northwestern National Ins. Co. v. Donovan, 916 F.2d 372, 375 (7th Cir.1990). In other words, a forum selection clause will be enforced absent a showing that it was procured by fraud or overreaching or that enforcement of the clause would be a grave inconvenience. M/S Bremen, 407 U.S. at 12, 15, 17-18.

The question here is *which* forum selection clause applies to the parties' current dispute. Ronsco argues that the forum selection clause in the Distribution Agreement, which grants Canada "exclusive jurisdiction to hear any suit brought by any of the parties," prohibits Meridian from bringing suit in this Court. Meridian, on the other hand, argues that the contracts at issue in this action are the invoices sent by Meridian to Ronsco, not the Distribution Agreement. Thus, according to Meridian, the forum selection clause on the invoices that vest "exclusive jurisdiction" in "any federal or state court located in Cook County, Illinois," govern the dispute. Ronsco argues, however, that the forum selection clause on the invoices is not valid because it was not agreed upon by the parties. Neither party argues that the forum selection clauses were procured by fraud.

As an initial matter, the Court must determine whether the dispute between the parties arises out of the Distribution Agreement and/or the invoices. The Seventh Circuit has explained that "all disputes the resolution of which arguably depend on the construction of an agreement arise out of that agreement for purposes of ... a forum selection clause." Omron Healthcare, Inc. v. Maclaren Exports Ltd., 28 F.3d 600, 603 (7th Cir.1994). Meridian argues that the parties did not discuss whether the forum selection clause in the Distribution Agreement would prevent Meridian from bringing an action in Illinois against Ronsco for failure to pay for goods shipped

-3-

with Meridian invoices. This argument lacks merit because the Distribution Agreement specifically mentions invoices. Section 2.3 of the Distribution Agreement states:

> Ronsco shall pay all Meridian Rail invoices on the basis of thirty (30) days net after receipt of invoice, unless otherwise agreed by Ronsco and Meridian Rail. All overdue sums owed by Ronsco to Meridian Rail shall bear interest from default until final payment at the prime rate per annum of HSBC Bank Canada.

Further, Section 11 of the Distribution Agreement is entitled Default and explains the rights of the parties to terminate and cancel the agreement for, inter alia, "Ronsco's failure to promptly pay for ... the Products as set forth herein." Sections 2.3 and 11 of the Distribution Agreement directly address the invoices and payment thereunder. Thus, the question of whether Ronsco has satisfied its payment obligations under the invoices arguably depends upon the construction of the Distribution Agreement. Therefore, the forum selection clause in the Distribution Agreement applies to the invoices because the existence of the invoices, and the parties obligations thereunder, was contemplated by the Distribution Agreement.

The Court must still determine, however, whether the forum selection clause in the invoice alters the forum selection clause in the Distribution Agreement. Section 15 of the Distribution Agreement states that the "[a]greement sets forth the entire understanding of the parties" and that "[n]o addition to, revision of, or deletion from the provisions of this Agreement shall be effective or enforceable unless made in writing and signed by Meridian Rail and Ronsco." Meridian argues that Ronsco consented to the Illinois forum and the application of Illinois law to any disputes over the payment for the products. Meridian's argument is based on the fact that the invoices specified material terms of the purchase contract: price, type, quantity, and payment due dates. In addition, the invoices included the forum selection clause. Ronsco

made many payments under the terms of the invoices containing the forum selection clause and never objected to the forum selection clause. The flaw in Meridian's argument is that, unlike the forum selection clause, the material terms of the purchase contract specified in the invoice did not contradict any of the bargained for terms in the Distribution Agreement. The Distribution Agreement specifically provides that a revision of its terms must be made in writing and signed by both parties. Thus, Meridian's course of dealing argument is insufficient to overcome the express terms of the Distribution Agreement which vest exclusive jurisdiction in Quebec, Canada.

**Conclusion**

For the foregoing reasons, Ronsco's motion to dismiss is GRANTED.

Enter:

David H. Coar
United States District Judge

Dated: June 24, 2003